UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARREL PATRICK WILLIS,

           Plaintiff,

v.

NICK KISER,

           Defendant.

CASE NO. 3:17-CV-05373-BHS-JRC

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

    The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

    Currently before the Court is plaintiff's motion for appointment of counsel. Dkt. 6. Plaintiff asks that the Court assign counsel or "some type of legal assistance" because he has no access to the law library and no legal education. *Id.* However, this case has no hearings scheduled and plaintiff indicates no other exceptional circumstance warranting the appointment of counsel at this time. The Court denies the motion without prejudice.

## DISCUSSION

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Plaintiff's motion states that he is confused and unsure how to proceed with his case. Dkt. 6. He states that "[a]ll of the public information is disappearing" and he does not know how to request or unseal records. *Id*. However, mere confusion is not an exceptional circumstance. Plaintiff has adequately articulated the facts in his case. Dkt. 5. Though he is unsure of the valid legal standard, he clearly and concisely explained the scenario underlying his claim. *Id*. He is able to adequately articulate his claims, even if he is unclear on the legal standard. *See Agyeman*, 390 F.3d at 1103. In addition, plaintiff has not demonstrated a likelihood of success on the merits. As it stands, plaintiff has not included facts amounting to his claimed First Amendment violation, nor has he claimed any other constitutional violation. Dkt. 5. Because of this, plaintiff's allegations in his motion do not amount to an exceptional circumstance.

**CONCLUSION**

For the reasons stated, the Court denies plaintiff's motion for appointment of counsel without prejudice (Dkt. 6).

Dated this 7th day of August, 2017.

J. Richard Creatura
United States Magistrate Judge