UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DARREL PATRICK WILLIS,<br><br>                Plaintiff,<br><br>    v.<br><br>NICK KISER,<br><br>                Defendant. | CASE NO. 3:17-CV-05373-BHS-JRC<br><br>ORDER TO SHOW CAUSE OR AMEND |

     Plaintiff Darrel Patrick Willis, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983.

     Plaintiff alleges he was unlawfully jailed three separate times for violations of his community custody, even though he had allegedly completed his community custody sentence. Dkt. 5. He filed this suit, claiming monetary damages for losses he incurred while jailed. However, his claim, if found in plaintiff's favor, would necessarily invalidate a sentence not yet shown to be unlawful, which would not be the proper subject of a 1983 complaint. Further, though he cites to the First Amendment, plaintiff has not pled a legitimate constitutional violation. Having reviewed and screened plaintiff's Complaint under 28 U.S.C. § 1915A, the

Court declines to serve the Complaint, but provides plaintiff leave to file an amended pleading by September 1, 2017, to cure the deficiencies identified below.

## BACKGROUND

Plaintiff claims he was sentenced to one year of community custody in August 2014. Dkt. 5 at 3. He states that he finished that sentence on August 29, 2015. *Id*. He claims that, despite this, defendant Nick Kiser arrested him for violation of his community custody in September 2015. *Id*. After a full hearing, he was sentenced to 25-30 days incarceration. *Id*. He claims that the Department of Corrections altered his sentence without informing him, and that because of this incarceration, he lost his apartment, his security deposit, and all his possessions. *Id*. He further alleges that he was arrested and jailed twice more, in November 2015 and May 2016. *Id*. After his third alleged violation, plaintiff was transferred to Grays Harbor County Jail on a warrant for an offense stemming from his first arrest in 2015. *Id*. He asks the Court to grant him monetary damages calculated according to his actual losses and to the number of days he was allegedly unlawfully detained. *Id*. at 4.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's Complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint.

### I. Challenge to Lawfulness of Incarceration – *Heck* Bar

Plaintiff alleges that his constitutional rights were violated when, after full hearings, he was wrongfully imprisoned three times for violating his community custody even though he had completed his community custody sentence. However, a civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The § 1983 action "is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). To obtain federal judicial review of a state conviction or sentence, a party must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and

must first exhaust his state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Here, a finding in favor of plaintiff's 1983 claims would necessarily invalidate his arrest and imprisonment. Thus, plaintiff is calling into question his convictions for violations of community custody and his confinements as a result of those convictions. The wrong he describes is jail time for violating his community custody even though he had completed his community custody sentence. Dkt. 5 at 3. He requests monetary damages calculated to recoup money and possessions lost during his confinement. *Id*. at 4. To find in plaintiff's favor would be a finding that his incarceration was unlawful. A federal 1983 action cannot be heard if it would necessarily invalidate a conviction or sentence. *Heck*, 512 U.S. at 487. Before plaintiff can recover in a 1983 action for damages caused by an unlawful incarceration, he must first demonstrate the incarceration was unlawful by exhausting his state remedies and filing a petition for habeas corpus. *Preiser*, 411 U.S. at 500.

## II. First Amendment Claim

As noted above, plaintiff is calling into question his convictions for violations of his community custody. However, plaintiff alleges that his unlawful incarceration was a violation of his First Amendment rights. Dkt. 5 at 4. He does not explain how his First Amendments rights were violated and this does not appear to be the case based on his alleged facts.

The First Amendment protects from government interference an individual's freedom of speech, freedom of religion, freedom of press. U.S. CONST. amend. I. Though prisoners retain their constitutional rights while incarcerated, that "does not mean that these rights are not subject to restrictions and limitations." *Bell v. Wolfish*, 441 U.S. 520, 545-46 (1970) (internal quotations omitted). If a prison restricts a prisoner's First Amendment rights, this Court must consider

whether the challenged restriction was "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).

Here, plaintiff does not plead any facts that give rise to a First Amendment claim. He states that because of this incarceration, he lost his apartment, his security deposit, and all of his possessions. *Id*. However, even if true, these facts do not allege that anybody restricted any of his First Amendment rights. Without demonstrating facts amounting to a constitutional violation, plaintiff cannot establish a 1983 claim. The Court declines to serve the complaint until plaintiff files an amended complaint including facts, if possible, that give rise to a constitutional violation.

**III.    Due Process**

Plaintiff twice alleges that the Department of Corrections changed the length of his community custody. Dkt. 5 at 3. He further alleges that this change in sentence occurred without due process and that, therefore, his arrest for a violation of community custody was unconstitutional. Although it is not entirely clear, plaintiff also appears to claim that a prosecutor later confirmed to Judge Edwards that plaintiff was not on probation when he was picked up for the first community custody violation and that an unrelated charge to his current claim was, therefore, dismissed. *See id.* at 5. Plaintiff may be attempting to plead a due process violation, but has not named an party responsible for such actions or presented facts sufficient to establish such a claim.

A due process claim will only succeed if a plaintiff can prove both a constitutional violation and that the party charged with the violation is "a person who may fairly be said to be a state actor." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Similarly, 42 U.S.C. § 1983 applies to the actions of "persons" acting under color of state law. Neither a state nor a state agency is a "person" for purposes of § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990)

(*citing Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989)). To state an appropriate claim, plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Here, plaintiff has failed to name any individual who caused the unlawful alteration of his sentence. Dkt. 5 at 3. Instead, he indicates it was caused by "DOC," an entity that is not a "person" for purposes of § 1983. *Id*. Therefore, he must either amend his complaint to comply with the standard or show cause why his complaint should not be dismissed.

### IV. Instructions to Plaintiff

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint containing a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the people or entity who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of all individuals is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). However, the Court will not address his complaint if judgment in his favor would necessarily invalidate a conviction or sentence. *Heck*, 512 U.S. at 487. To recover for an unlawful incarceration, the plaintiff must first prove its unlawfulness by successfully presenting a habeas petition after exhausting all available state remedies. However, plaintiff should be aware that monetary damages are not available when filing a habeas corpus petition, and be that habeas corpus relief in federal court cannot be pursued until he has exhausted his state remedies.

If plaintiff wishes to proceed with an amended complaint alleging specific facts comprising a § 1983 claim, plaintiff shall present the amended complaint on the § 1983 form

provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original Complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

**CONCLUSION**

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein **on or before September 1, 2017**, the Court will recommend dismissal of this action.

The Clerk is directed to send plaintiff the appropriate forms for filing a habeas corpus petition and a 42 U.S.C. § 1983 civil rights complaint. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to plaintiff.

Dated this 7th day of August, 2017.

J. Richard Creatura
United States Magistrate Judge