UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARREL PATRICK WILLIS,

        Plaintiff,

v.

NICK KISER, et al.,

        Defendants.

CASE NO. 3:17-cv-05373-BHS-JRC

ORDER DENYING MOTION TO AMEND AS MOOT AND ORDER TO SHOW CAUSE OR AMEND

    The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Plaintiff Darrel Patrick Willis, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983.

    Plaintiff has filed a motion to amend complaint (Dkt. 14) and a corrected amended complaint (Dkt. 17). He alleges that he was unlawfully incarcerated on three separate occasions, that he was subjected to cruel and unusual punishment during his incarceration, and that the police searched his home unlawfully based on a false allegation of a parole violation. Though

plaintiff states the foundation for an Eighth Amendment claim, he has neglected to identify as defendants specific persons who caused him harm. His other claims still imply the invalidity of an underlying conviction and are not the proper subject of a §1983 action under *Heck*. Further, because he has already filed an amended complaint, as is his right, his motion to amend is moot. Therefore, the Court denies plaintiff's motion to amend and orders plaintiff to amend his complaint to remedy the deficiencies identified herein. The Court also directs the clerk's office to file separately, plaintiff's habeas corpus petition, as set forth below.

## BACKGROUND

Plaintiff filed this § 1983 action and an application to proceed *in forma pauperis* on May 18, 2017. Dkts. 1, 5. On July 5, 2017, he paid his filing fee (Dkt. Event at 07/05/2017) and the Court recommended his application to proceed *in forma pauperis* be denied as moot (Dkt. 8). The District Court Judge adopted the Court's recommendation on August 8, 2017. Dkt. 13.

In his original complaint, plaintiff claimed that he had been unlawfully arrested on three separate occasions for violations of community custody after he already completed his community custody sentence. Dkt. 5. He further stated that this was a violation of his First Amendment rights. *Id*. On August 7, 2017, the Court ordered plaintiff to show cause or amend his complaint for failing to state a claim. Dkt. 12. Plaintiff filed a motion to amend his complaint and include additional days of false imprisonment on August 8, 2017. Dkt. 14. On August 30, 2017, plaintiff filed a proposed amended complaint as well as a proposed petition for a writ of habeas corpus. Dkts. 15, 16. On September 11, 2017, he filed a corrected version of his amended complaint as well as a corrected version of his habeas petition. Dkts. 17, 18. In his corrected complaint, he reiterated his claims of false arrest and imprisonment and included additional claims that his Fourth and Eighth Amendment protections had been violated. Dkt. 17. He also

alleged that his due process and equal protection rights were infringed. *Id*. His habeas petition reflects these allegations. Dkt. 18. The Court notes that the original complaint is a §1983 complaint, and not a habeas petition.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint.

**I.  Motion to Amend Complaint**

Plaintiff has filed a motion to amend complaint to include additional days of false imprisonment. Dkt. 14. However, since filing this motion, plaintiff has filed an amended complaint (Dkt. 15) and a corrected amended complaint (Dkt. 17). Because the Court accepts his corrected amended complaint as the operative complaint, his motion for leave to amend (Dkt. 14) is denied as moot.

**II.  Challenge to Lawfulness of Incarceration – *Heck* Bar**

Though he has followed the Court's instruction and properly named defendants and their actions, plaintiff still states causes of action that, if found in plaintiff's favor, would imply the invalidity of an underlying conviction. As the Court noted in its previous order to show cause or amend,

> … [A] civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The § 1983 action "is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). To obtain federal judicial review of a state conviction or sentence, a party must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and must first exhaust his state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Dkt. 12 at 3-4.

Here, although plaintiff has amended his complaint to name certain defendants who caused him harm and the actions they took, a finding in his favor would still necessarily imply the invalidity of the underlying conviction. Plaintiff alleges that defendants violated his due process rights when they arrested him several times based on a community custody sentence he

had already completed. Dkt. 17 at 3-4. He also alleges that his due process rights were violated when they extended his community custody without providing him the opportunity to be heard. *Id*. He further alleges that defendants violated his Fourth Amendment right to be free from illegal searches and seizures. *Id*. at 5. He claims officers served a warrant that was based on his original, illegal restraint for violation of community custody and that the evidence seized was deemed "fruits of an illegal search" by the State. *Id*. However, all these claims are still barred by *Heck*.

A finding in favor of plaintiff on any of these claims would imply the invalidity of the original conviction. *Wilkinson*, 544 U.S. at 81-82. If plaintiff recovers because defendants violated his due process rights by arresting him for a parole violation when his parole was over, the Court would be stating that the trial court's determination that he had violated parole was invalid. Similarly, if the Court determines due process was violated because defendants unilaterally extended the length of his parole, the Court would again be determining that plaintiff's sentence for parole violation was invalid. This is true of his Fourth Amendment claim as well because, by finding the search based on his first arrest for parole was improper, the Court would again be determining that plaintiff's conviction was invalid. As noted above, the Court will not entertain a claim that, if found in plaintiff's favor, would necessarily imply the invalidity of the underlying conviction. *Heck*, 512 U.S. at 487. A § 1983 action is not the proper vehicle to challenge an underlying conviction, and the Court will not grant relief on an alleged Constitutional violation that would invalidate the underlying conviction. Plaintiff's due process and Fourth Amendment claims are still barred by *Heck*.

It appears plaintiff has attempted to cure the *Heck* bar by filing a petition for a writ of habeas corpus (Dkt. 16) and a corrected proposed petition for a writ of habeas corpus (Dkt. 18). Though plaintiff is entitled to have his petition heard, this Court will not hear a § 1983 action and

a habeas petition in the same action. Therefore, the Court directs the Clerk to refile the corrected proposed petition (Dkt. 18) as a separate action with its own cause number.

### III. Eighth Amendment Claim

Though plaintiff has stated the foundation for an Eighth Amendment claim, he has neglected to name the person or persons who caused him harm by withholding his medication. He has identified particular defendants for his Fourth Amendment claims, but has not done so for his Eighth Amendment claim. In order to state a claim against a defendant in a § 1983 action, the plaintiff must plead facts that sufficiently allege that a particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). 42 U.S.C. § 1983 applies to the actions of "persons" acting under color of state law. To state an appropriate claim, plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold*, 637 F.2d at 1355. In addition, to prove an Eighth Amendment violation of deliberate indifference for depriving plaintiff of medical care, plaintiff must show that a particular defendant or defendants purposefully ignored or failed to respond to prisoner's pain or possible medical need. *Estelle v. Gamble*, 439 U.S. 97, 103 (1976). When determining whether a defendant was deliberately indifferent, the Court examines: 1) the seriousness of the prisoner's medical need; and 2) the nature of the defendant's response to the need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992).

Here, plaintiff has not alleged which defendant or defendants caused him injury when they revoked his mental health medication. In order to state an Eighth Amendment claim, he must state which defendants deprived him of his medication and allege that, in so doing, they were deliberately indifferent to his medical needs. *Arnold*, 637 F.2d at 1355; *Estelle*, 439 U.S. at

103. Therefore, the Court orders that plaintiff file an amended complaint explaining which defendants personally participated in his alleged violation.

### IV. Instructions to Plaintiff

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint containing a short, plain statement telling the Court: (1) the constitutional rights plaintiff believes was violated; (2) the names of the people who violated *each* of his rights; (3) exactly what the individual did or failed to do; (4) how the action or inaction of all individuals is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). However, plaintiff will not be able to recover if a finding in his favor would necessarily imply the invalidity of an underlying conviction. *Heck*, 512 U.S. at 487. To recover for an unlawful incarceration, the plaintiff must first prove its unlawfulness by successfully presenting a habeas petition after exhausting all available state remedies.

If plaintiff wishes to proceed with a second amended complaint alleging specific facts comprising a § 1983 claim, plaintiff shall present the second amended complaint on the § 1983 form provided by the Court. The second amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The second amended complaint will act as a complete substitute for the corrected amended complaint, and not as a supplement. The Court will screen the second amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violation of plaintiff's rights. The Court will not authorize service of the second amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

**CONCLUSION**

Plaintiff's motion to amend complaint is denied as moot (Dkt. 14).

Plaintiff's Eighth Amendment claim, though it states harm, does not provide the names of the person or persons who caused the harm. Further, the remaining claims in his proposed corrected amended complaint (Dkt. 17) are barred under *Heck* because they bring into question the validity of an underlying conviction. Therefore, plaintiff must either show cause or file an amended complaint **on or before October 27, 2017.**

Alternatively, plaintiff may *voluntarily dismiss the action without prejudice* or request the Court *stay the action*, allowing plaintiff to prove the invalidity of his convictions before returning to this Court and pursuing his § 1983 remedy. However, the Court notes that if plaintiff voluntarily dismisses his claim, he will forfeit his $400.00 filing fee and will be required to pay a second filing fee or apply to proceed *in forma pauperis* when he resubmits his claims after the resolution of his habeas petition.

The Court will analyze plaintiff's motion for injunctive relief (Dkt. 19) (noting date September 29, 2017) in a separate report and recommendation to the District Court Judge.

The Clerk is directed to re-docket plaintiff's corrected proposed petition for a writ of habeas corpus (Dkt. 18) as a separate action. The Clerk is also directed to provide plaintiff with a form to apply to proceed *in forma pauperis* in connection with his habeas petition.

Plaintiff is further instructed to either apply to proceed *in forma pauperis* or to pay the $5.00 filing fee for his separate habeas corpus petition.

Dated this 26th day of September, 2017.

J. Richard Creatura
United States Magistrate Judge

ORDER DENYING MOTION TO AMEND AS MOOT
AND ORDER TO SHOW CAUSE OR AMEND - 9