UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARREL PATRICK WILLIS,

                    Plaintiff,

          v.

NICK KISER,

                    Defendant.

CASE NO. 3:17-cv-05373-BHS-JRC

REPORT AND RECOMMENDATION

NOTING DATE: NOVEMBER 17, 2017

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

Plaintiff Darrel Willis asks the Court to grant injunctive relief because of his living conditions and his lack of access to legal documents while he is incarcerated. The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc*., 739 F.2d 1415, 1422 (9th Cir. 1984). In a preliminary injunction, it is appropriate to grant "intermediate

relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997). However, a court should not issue an injunction when the relief sought is not of the same character and the injunction deals with a matter lying wholly outside the issues in the underlying action. *Id.*

Here, plaintiff states that his current living conditions amount to a violation of his Eighth Amendment protection against cruel and unusual punishment. Dkt. 19. He also states that prison policy limits his access to his legal materials unlawfully. *Id.* He requests that the Court enjoin the Department of Corrections from transferring additional prisoners from county jails to state prisons, and that the Court enjoin prison staff from limiting his legal access in an allegedly retaliatory manner. *Id.* However, his underlying claim focuses on alleged unlawful incarceration for a parole violation after his parole was completed. *See* Dkts. 5, 17. His requested injunctive relief is therefore not of the same character as his underlying action. As noted above, the Court will not grant injunctive relief in such a circumstance. If plaintiff's Eighth Amendment rights are being violated by prison staff or prison policy, a separate § 1983 action would be a more appropriate avenue. Because of this, the Court recommends that the Honorable Benjamin H. Settle deny plaintiff's motion for injunctive relief.

The Court will discuss plaintiff's motion to stay this action (Dkt. 25), noted for October 27, 2017, in a separate order.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver

of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on **November 17, 2017**, as noted in the caption.

Dated this 18th day of October, 2017.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 3