UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARREL PATRICK WILLIS,

                        Plaintiff,

            v.

NICK KISER, et al.,

                        Defendants.

CASE NO. 3:17-CV-05373-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: September 21, 2018

This 42 U.S.C. § 1983 civil rights matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Before the Court is plaintiff Darrel Patrick Willis's motion for default as to defendant Aaron Hergert. Dkt. 44.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Under Local Rule 55(a), upon motion by a party supported by an affidavit, "the clerk shall enter the default of any party against whom a judgment for affirmative relief is sought but has failed to plead or otherwise defend."

1    Here, plaintiff requests default judgment against defendant Hergert because defendant

2  Hergert has failed to respond to plaintiff's complaint. Dkt. 44. On March 21, 2018, the Court

3  lifted the stay on this case and "directed service by email" on the named defendants. Dkt. 31.

4  However, defendant Hergert is a Hoquiam City police officer, not an employee of the

5  Department of Corrections ("DOC") like the other defendants, and so service could not be

6  perfected by email. *See* General Order 06-16 (specifically establishing service by email on DOC

7  defendants, but leaving service by first class mail in place for other defendants). Because the

8  Court's initial order failed to properly direct the Clerk to serve defendant Hergert, defendant

9  Hergert had not been served with plaintiff's complaint when plaintiff's motion for default was

10  filed.

11    The Court has now corrected the error by entering an order directing service on defendant

12  Hergert. Dkt. 50. However, because defendant Hergert was not served when plaintiff's motion

13  was filed, he did not fail to respond to plaintiff's pleading and so was not in default. Therefore,

14  the Court recommends plaintiff's motion for default (Dkt. 44) be denied without prejudice.

15    The Court will make a determination on plaintiff's pending motion for appointment of

16  counsel (Dkt. 49) in a separate order or report and recommendation.

17    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

18  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

19  6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*

20  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver

21  of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

22  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

23

24

1    imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September**

2    **21, 2018** as noted in the caption.

3            Dated this 31st day of August, 2018.

4

5

6

7    J. Richard Creatura
     United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 3