UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARREL PATRICK WILLIS,

  Plaintiff,

v.

NICK KISER, et al.,

  Defendants.

CASE NO. 3:17-cv-05373-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: May 3, 2019

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3, and MJR4.

Plaintiff alleges that defendants violated his Fourth, Eighth, and Fourteenth Amendment rights when they allegedly issued a warrant, arrested him for violating a condition of his community custody, and failed to provide him with his prescription medication. Defendant Aaron Hergert, a police officer who arrested plaintiff, moves for summary judgment of plaintiff's claims. Because qualified immunity applies to defendant Hergert's arrest of plaintiff under a facially valid warrant and because defendant Hergert did not personally participate in the

ensuing search of plaintiff's apartment, summary judgment of plaintiff's Fourth Amendment claims should be granted. And because even viewed in the light most favorable to plaintiff, defendant Hergert's failure to provide him with medication was, at most, negligence, summary judgment should be granted on plaintiff's deliberate indifference claim as well.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff, proceeding *pro se*, initiated this matter in May 2017 under 42 U.S.C. § 1983. *See* Dkt. 1. In his second amended complaint, which this Court ordered served on defendants, plaintiff alleges that in September 2015, defendant "CCS Perry" obtained a felony warrant for "Escape from Community Custody," which defendants Hergert and Nick Kiser, a community corrections officer, served on plaintiff at his apartment. *See* Dkts. 23, at 3; 31. Plaintiff further alleges that defendants Kiser and Hergert "illegally" searched his apartment, even though plaintiff protested during the search that he was no longer on probation. *See* Dkt. 23, at 4. Thereafter, plaintiff claims that he asked defendants Kiser and Hergert to pick up his medications but that they failed to do so. *See* Dkt. 23, at 3. Plaintiff alleges that he suffered from "very painful withdraw[a]ls from the [p]syc[h]otropics and . . . panic attacks from not having my blood pressure pills" as a result. *See* Dkt. 23, at 3. Later, when he was in custody, plaintiff asserts that defendant Hergert served plaintiff with a felony warrant for a "VUCSA [violation of the Uniform Controlled Substances Act] charge" based on evidence found during the search of his apartment. *See* Dkt. 23, at 5.

Defendants Kiser and Perry filed a summary judgment motion, and in response, plaintiff provided a responsive brief and affidavit. *See* Dkts. 69, 70. In his responsive brief, plaintiff asserted that the VUCSA charges against him were dismissed after a lower court "ruled that the

charge that stemmed from the alleged violation and subsequent arrest on September 25, 2015 was illegal because it was determined that I was no longer on probation [community custody]." *See* Dkt. 69, at 4. This Court recommended that the summary judgment motion be granted and that the claims against defendants Kiser and Perry be dismissed. Dkt. 76, at 2. The District Court has yet to rule on this Court's report and recommendation. *See* Dkt. 82.

In December 2018, defendant Hergert filed the pending summary judgment motion and served plaintiff with a *Rand* notice and copies of the motion for summary judgment and supporting documentation. *See* Dkts. 73, 74; *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). In January 2019, plaintiff requested to stay the case, and the District Court re-noted defendant Hergert's summary judgment motion for March 8, 2019. *See* Dkts. 78, 82. Plaintiff did not file any response to defendant Hergert's summary judgment motion.

**STANDARD OF REVIEW**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In ruling on a motion for summary judgment, '[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [the nonmovant's] favor.'" *Moldex-Metric, Inc. v. McKeon Prods., Inc.*, 891 F.3d 878, 881 (9th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Further, "'courts should construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly.'" *Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018) (quoting *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010); *see also Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) (a court must not hold "missing or inaccurate legal terminology or muddled

draftsmanship against" a *pro se* inmate). "This rule exempts *pro se* inmates from *strict* compliance with the summary judgment rules, but it does not exempt them from *all* compliance." *Soto*, 882 F.2d at 872.

The moving party is entitled to summary judgment if the evidence produced by the parties permits only one conclusion. *See Anderson*, 477 U.S. at 251. Where there is a complete failure of proof concerning an essential element of the nonmoving party's case on which the nonmoving party has the burden of proof, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial." *Sonner v. Schwabe N.A., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.]" *Anderson*, 477 U.S. at 255. Nonetheless, the party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). And regarding materiality, a fact is only material if it "might affect the outcome of the suit under the governing [substantive] law[.]" *Anderson*, 477 U.S. at 248.

To show a genuine issue of material fact, a party must generally support that assertion by either "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence . . . of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). A supporting or opposing affidavit or declaration "must be made on personal knowledge, set out facts that would be

admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). And although "[t]he court need consider only the cited materials," "it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

Where, as here, a pro se prisoner has failed to file a response and to refute any of the facts provided by a defendant,

> [this Court] must consider as evidence in his opposition to summary judgment all of [plaintiff's] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [plaintiff] attested under penalty of perjury that the contents of the motions or pleadings are true and correct.

*Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004). Nevertheless, to the extent that plaintiff relies on conclusory statements, unsupported conjecture, and allegations based merely on belief, such are insufficient to create a genuine, material issue of fact. *See Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003); *McElyea v. Babbitt*, 833 F.3d 196, 197–98 & n.1. (9th Cir. 1987) (per curiam).

## DISCUSSION

Defendant Hergert requests summary judgment of plaintiff's claims on the basis that qualified immunity shields Hergert from liability. *See* Dkt. 74, at 5–6.

### I. Legal Principles

A plaintiff must show two elements to recover under 42 U.S.C. § 1983: (l) a person acting under the color of state law committed the conduct complained of and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Further, for claims brought against a government official in

the official's individual capacity, qualified immunity may shield that government official from liability. *See Pearson v. Callahan*, 555 U.S. 223, 233 (2009).

To determine whether defendant Hergert is entitled to summary judgment on qualified immunity, this Court conducts a two-prong inquiry: (1) whether the facts taken in the light most favorable to plaintiff show that defendant Hergert's conduct violated a federal right and (2) whether the right in question was clearly established at the time of the violation. *See Tolan v. Cotton*, 572 U.S. 650, 655–56 (2014). The Court has discretion to choose the order in which to decide these two prongs. *Id.* at 656. For the second prong, the "salient question . . . is whether the state of the law' at the time of an incident provided 'fair warning' to the defendant[] 'that [his] alleged [conduct] was unconstitutional.'" *Id.* (quoting *Hope v. Pelzer*, 536 U.S. 730, 741 (2002)). Part of the second inquiry is also an examination of "'the information possessed' by the officer to determine whether a reasonable official in a particular factual situation should have been on notice that his or her conduct was illegal." *Inouye v. Kemna*, 504 F.3d 705, 712 (9th Cir. 2007) (quoting *Anderson v. Creighton*, 483 U.S. 635, 641 (1987)).

**II. Unlawful Arrest and Search**

Plaintiff alleges that defendant Hergert violated the Fourth Amendment by entering plaintiff's apartment and conducting an "illegal[] search[.]" *See* Dkt. 23, at 4. Defendant Hergert argues that even accepting as true plaintiff's argument that he was not, in fact, guilty of escape from community custody, there is no genuine issue of material fact that defendant Hergert acted as a reasonable officer would have acted, so that qualified immunity applies. *See* Dkt. 74, at 4–5.

Qualified immunity generally protects a police officer who conducts an unconstitutional search or arrest if he is acting on the basis of a facially valid warrant, unless no reasonably

competent officer would have concluded that a warrant should issue. *See Malley v. Briggs*, 475 U.S. 335, 341, 344–45 & n.6 (1986) ("Defendants will not be immune if, on an objective basis, it is obvious that no reasonably competent officer would have concluded that a warrant should issue[.]").

Defendant Hergert sets forth that on September 25, 2015, he "accompanied DOC [Department of Corrections] Community Corrections Officer Kiser on an attempt to locate [plaintiff] on a confirmed DOC felony warrant." Dkt. 75, at 1. He cites to defendant Kiser's declaration, which explains that defendant Kiser was the one who requested the warrant. *See* Dkt. 59, at 5. Defendant Hergert also provides the warrant confirmation, which includes that "there is reasonable cause to believe the above named person has violated a condition of community custody[.]" Dkt. 75, at 5 (emphasis removed). Based on these facts, a reasonable officer in defendant Hergert's position would have concluded that the warrant was facially valid, and thus qualified immunity protects defendant Hergert from liability for his arrest of plaintiff under the warrant. *See Ramirez v. Butte-Silver Bow Cty.*, 298 F.3d 1022, 1027 (9th Cir. 2002) ("Law enforcement officers are entitled to qualified immunity if they act reasonably under the circumstances, even if the actions result in a constitutional violation.").

Plaintiff alleges that during the search, he told defendants Kiser and Hergert that he was no longer "on probation." *See* Dkt. 23, at 4. The Court notes that it is undisputed that plaintiff made these claims after the arrest, so that plaintiff's protestations of innocence do not impact the reasonableness of the arrest. *See* Dkts. 23, at 4; 59, at 5; *see also Rosenbaum v. Washoe Cty.*, 663 F.3d 1071, 1076 (9th Cir. 2011) (discussing information "'possessed by the officer at the time of arrest'" (quoting *Jenkins v. City of N.Y.*, 478 F.3d 76, 87 (2d Cir. 2007))).

Moreover, there is no genuine dispute that defendant Hergert did not participate in the search of the apartment. Defendant Hergert's declaration is silent as to whether he participated in the search (*see* Dkt. 75, at 1); but defendant Kiser explains that it was Kiser alone who conducted the search. *See* Dkt. 59, at 5. And in a report signed under penalty of perjury by defendant Kiser and attached to plaintiff's response to defendant Kiser's summary judgment motion, defendant Kiser explains that he "had Officer Hergert maintain control of [plaintiff] while I [Kiser] cleared the residence of any other occupants. Once I confirmed that [plaintiff] was the sole occupant of the house I had Officer Hergert maintain control of [plaintiff] while I conducted a search of the residence." Dkt. 70, at 11.

Plaintiff makes a conclusory legal argument in his complaint that defendants Kiser and Hergert—together—violated the Fourth Amendment by "illegally searching" his residence while ignoring his claims that he was no longer on probation. *See* Dkt. 23, at 4. But this conclusory allegation unsupported by any factual data is insufficient to create a genuine issue of material fact to defeat summary judgment. *See Rivera v. Nat'l R.R. Passenger Corp.*, 331 F.3d 1074, 1078 (9th Cir. 2003). Because there is no genuine issue of material fact that defendant Hergert did not participate in the search and because qualified immunity protects him from liability for the arrest, summary judgment of plaintiff's Fourth Amendment claims against defendant Hergert should be granted.

**III. Deliberate Indifference**

Plaintiff asserts that defendant Hergert's failure to provide him with his mental health medications after his arrest, when he was transported to jail, amounted to deliberate indifference. *See* Dkt. 23, at 3. Defendant Hergert asserts that there is no genuine issue of material fact and

that as a matter of law, the facts do not amount to deliberate indifference, so that qualified immunity applies. *See* Dkt. 74, at 7–8. This Court agrees.

The Court notes that the Fourteenth Amendment generally applies to the failure to provide plaintiff with his medication after his arrest but before his conviction. *See Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016) ("Eighth Amendment protections apply once a prisoner has been convicted of a crime, while pretrial detainees are entitled to the potentially more expansive protections of the Due Process Clause of the Fourteenth Amendment."). It is not settled whether being in community custody makes the Eighth Amendment applicable. *See Whitley v. Albers*, 475 U.S. 312, 327 (1986) (the Eighth Amendment "is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions[.]"); *see also Smith v. Am. Behavioral Health Sys.*, 2:16-cv-00380-MKD, 2018 WL 4100687, at *9–*10 (E.D. Wash. Aug. 28, 2018) (finding no Ninth Circuit authority addressing whether a community custody sentence and residential drug offender sentencing alternative fall within the scope of the Eighth Amendment). If the Fourteenth Amendment applies, this Court measures deliberate indifference against a standard that is more protective and hence, more favorable to plaintiff. *See Castro v. Cty. of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc), *cert. denied*, 137 S. Ct. 831 (2017).

Plaintiff asserts that he asked defendants Hergert and Kiser to "please pick them [his medications] up[.]" Dkt. 23, at 3. Simply being asked to pick up medications is insufficient, even under an objective test, to put a reasonable officer on notice that there would be a substantial risk of serious harm. Plaintiff's contentions amount to at most, negligence, which is insufficient even under the Fourteenth Amendment's more protective standard. *See Castro*, 833 F.3d at 1071.

Because viewed in the light most favorable to plaintiff, the facts do not show that defendant Hergert violated plaintiff's rights, defendant Hergert is entitled to qualified immunity on plaintiff's deliberate indifference claim. As such, this Court recommends that summary judgment of this claim against defendant Hergert be granted.

## CONCLUSION

The undersigned recommends that defendant Hergert's motion for summary judgment (Dkt. 74) be **GRANTED**; plaintiff's claims against defendant Hergert should be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge (*see* 28 U.S.C. § 636(b)(1)(C)) and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on May 3, 2019, as noted in the caption.

Dated this 12th day of April, 2019.

J. Richard Creatura
United States Magistrate Judge